[Civ. No. 41213. First Dist., Div. Two. June 7, 1979.]

WILLIAM H. WORTH, Cross-complainant and Respondent, v.
ASIATIC TRANSPACIFIC, INC., et al.,
Cross-defendants and Appellants.

COUNSEL

McCutchen, Doyle, Brown & Enersen, John Edward Hurley, Jr., and Charles A. Ferguson for Cross-defendants and Appellants.

Phillips, Cohn & Greenberg and Aaron M. Greenberg for Cross-complainant and Respondent.

OPINION

MILLER, J.—Asiatic Transpacific Inc., AFI Worldwide Forwarders and AFI Consolidators appeal from an order granting respondent Worth's motion for a new trial.

The proceedings in the court below began on March 20, 1975, when McCall Oil and Chemical Corporation (McCall) filed a complaint against Tyler Consolidators, Inc., (Tyler) for breach of contract. McCall also sued respondent herein for breach of his agreement to guarantee Tyler's performance.

Respondent then cross-claimed against appellants. After hearing appellants' general and special demurrers and motions to strike, the trial court limited respondent to the contention that there existed an oral agreement between respondent and appellants requiring appellants to "pay and discharge [certain] liabilities" of Worth and Tyler, including their respective obligations to McCall, in exchange for "all of [Worth's] shares in Tyler."

Subsequently, appellants answered respondent's first amended cross-complaint, denying that any oral agreement existed between respondent and them. In addition, two of the AFI corporate group, AFI Worldwide Forwarders and AFI Consolidators, cross-claimed back against Worth and Tyler. This cross-complaint was later amended in order to seek: 1) a declaration that the alleged oral contract did not exist, or if it did exist, it was illegal; 2) compensatory and punitive damages for fraud in offering to sell securities to AFI Worldwide Forwarders and AFI Consolidators without a permit to do so; 3) payment of money lent to Worth and Tyler; and 4) the reasonable value of work, labor and services rendered by AFI Worldwide Forwarders and AFI Consolidators to Worth and Tyler. On August 3, 1976, appellants moved for summary judgment on the ground that the oral contract alleged by respondent violated both federal and state law and, accordingly, could not be used as a basis of a claim against them. On December 1, 1976, the court granted appellants' motion for summary judgment and notice of its decision was duly filed and served on the parties by the clerk of the court.

On December 14, 1976, respondent filed notice of his intention to move for a new trial. The single ground offered by respondent for a new trial was that granting appellants' motion for summary judgment was an error of law. Thereafter, on December 17, 1976, the court's order for entry of judgment in favor of appellants and against respondent was filed.

Respondent's motion for a new trial, together with an alternative motion for summary judgment, were fully briefed by the parties, argued on January 12, 1977, and ordered submitted. On February 25, 1977, the court below issued an order vacating the summary judgment against respondent and granting a new trial. The order states in pertinent part, "Insofar as the motion may be one to reconsider, the Court deems *Santandrea* v. *Siltec Corporation et al.,* 56 C.A.3d 525[1] [128 Cal.Rptr. 629], inapposite. In that case a judgment had been entered; here an improper judgment was entered, see next to the last paragraph of C.C.P. Section 437(c). Insofar as the motion to reconsider may be on alternate ground, the same is granted."

---

[1]In appellants' addendum to their opposition to respondent's motion to set aside the summary judgment and for a new trial they cited *Santandrea* for the proposition that "Upon the entry of judgment, plaintiff's sole remedy for any alleged error was to appeal. He had no right to compel defendants to oppose his unauthorized motion." (56 Cal.App.3d at pp. 529-530, overruled on other grounds in *Bauguess* v. *Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942].)

On appeal, appellants contend that the lower court had no jurisdiction to either issue its February 25 order granting a new trial or to reconsider its previous decision to grant appellants' summary judgment motion. Relying on section 660 of the Code of Civil Procedure,[2] appellants argue that since the subject order was not issued within 60 days after filing of the notice of intention to move for a new trial, the lower court's power to grant a new trial lapsed and the motion was effectively denied.

At the outset we note that the trial court's statement that "an improper judgment was entered" is irrelevant to the issue raised by appellant. Whether or not there was a clerical error in entering the judgment or an erroneous determination which the court wished to correct, the time for ordering any change had lapsed.

In *Siegal* v. *Superior Court* (1968) 68 Cal.2d 97 [65 Cal.Rptr. 311, 436 P.2d 311], a judgment was entered in favor of the defendant. Thereafter, plaintiff moved for a new trial and the court granted the motion. However, no minute order was made during the 60-day statutory period for ordering a new trial. After the 60-day period had lapsed, the trial court attempted to make a nunc pro tunc order for a new trial which would be effective within the 60-day period. Our Supreme Court discussed the history of section 660 of the Code of Civil Procedure: "In 1957 a study by the California Law Revision Commission disclosed variance and confusion in the decisions as to what act must be done by a judge to make an effective ruling within the 60 days in which he has jurisdiction to act under section 660. In order to eliminate the uncertainty,

---

[2]Section 660 of the Code of Civil Procedure states in pertinent part: "Except as otherwise provided in Section 12a of this code, the power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court. A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk. The entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed. The minute entry shall in all cases show the date on which the order actually is entered in the permanent minutes, but failure to comply with this direction shall not impair the validity or effectiveness of the order."

it was recommended that a statute be enacted specifying precisely what must be done within said 60-day period to have an effective ruling on a motion for a new trial and to prevent denial of the motion by operation of law. The commission deemed it important for parties, judges, counsel and court clerks that the law on this matter be perfectly clear. Accordingly, section 660 was amended in 1959, as above indicated, without change from the recommendation of the Commission, to specifically set forth the steps which must be taken *within* the 60-day period in order effectively *to determine* a motion for new trial. These provisions are unambiguous and clearly state that there is no effective determination of the motion until the actual entry of an order in the permanent minutes, or the signing and filing of a written order, i.e., a definitive, recorded act within the 60-day period." (*Id.,* at pp. 100-101, fns. omitted, italics in original.)

Consequently, the court held that since neither of the required acts had been performed within the statutory period, the motion for new trial was denied by operation of law. The result could not be avoided by the entry of a nunc pro tunc order purporting to grant the new trial after the court had lost jurisdiction. In so holding, the court stated: "The time limits of section 660 are mandatory and jurisdictional, and an order made after the 60-day period purporting to rule on a motion for new trial is in excess of the court's jurisdiction and void. [Citations.]" (*Id.,* at p. 101.)

In the instant action, respondent's notice of his intention to move for a new trial was filed on December 14, 1976. No written notice of entry of judgment had been served before then because judgment was not ordered to be entered until three days later, December 17, 1976. However, it is settled that the proceedings on a motion for a new trial are independent of the judgment. (*Machado* v. *Machado* (1918) 36 Cal.App. 646, 648 [172 P. 1124].) A motion for a new trial may be heard and decided before entry of judgment. (Code Civ. Proc., §§ 659, 660.) Accordingly, the 60-day period of the court to rule on respondent's motion lapsed on February 12, 1977, but, because the next 2 days were legal holidays, the period was extended by operation of section 12a of the Code of Civil Procedure to February 14, 1977. On that day the motion was denied by operation of law. The trial court's February 25 order came 11 days after and was of no effect. Even if the 60-day period did not begin to run until December 17, 1976, the date on which the judgment was entered, the trial court's order would still be void.

■ Respondent has described the motion on which the trial court purported to rule on February 25, 1977, as "a motion for a reconsideration" which was "in the form of a motion for a new trial." (Respondent's motion to dismiss appeal at p. 5.) The applicable law pertaining to motions to reconsider was set forth in *Lavrischeff* v. *Blumer* (1978) 77 Cal.App.3d 406, 411 [143 Cal.Rptr. 567]: "While a party may, upon a showing of new facts, renew a motion which he himself made, and which was *denied* (see 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 28, p. 2696; Code Civ. Proc., § 1008),[3] 'the party aggrieved by an order *granting* a motion cannot move to *reconsider the order.*' (*Witkin, supra,* § 27, p. 2696; *San Francisco Lathing, Inc.* v. *Superior Court* (1969) 271 Cal.App.2d 78, 80, 82 [76 Cal.Rptr. 304]; see also *Dunas* v. *Superior Court* (1970) 9 Cal.App.3d 236, 239 [87 Cal.Rptr. 719].) No statutory authority exists to support a motion for reconsideration under such circumstances. (*Northridge Financial Corp.* v. *Hamblin* (1975) 48 Cal.App.3d 819, 825 [122 Cal.Rptr. 109]; *Farrar* v. *McCormick* (1972) 25 Cal.App.3d 701, 705-706 [102 Cal.Rptr. 190]; *Dunas* v. *Superior Court, supra,* at p. 239; *San Francisco Lathing, Inc.* v. *Superior Court, supra,* at p. 81.) The proper remedy is a motion for relief from an order under Code of Civil Procedure section 473. Where a party makes a motion for reconsideration of an order granting the opposing party's motion, the court will evaluate this motion as if it were made under Code of Civil Procedure section 473, and will deny the motion if the statutory grounds are not shown. (*Northridge Financial Corp.* v. *Hamblin, supra, Farrar* v. *McCormick, supra.*) The procedure in section 473 requires that the party show that the order was 'taken against him through *his* mistake, inadvertence, surprise or excusable neglect.'" (Fns. omitted, italics in original.)

In the present action, respondent alleged that the decision granting summary judgment was "against the law." This is the equivalent to an allegation of judicial error. (See *Clinton* v. *International Organization of Masters, Mates & Pilots* (1963) 213 Cal.App.2d 36 [28 Cal.Rptr. 488].) Accordingly, *Reeder* v. *Allen* (1967) 66 Cal.2d 373 [57 Cal.Rptr. 841, 425 P.2d 785] is inapposite to the instant case: In that case the defendant presented *new facts,* rather than judicial error, as the basis of his motion to reconsider. Moreover, the issue of whether the original nonmoving party may make a motion to reconsider was not raised in that case.

---

[3]In 1978, a new section 1008 of the Code of Civil Procedure was enacted which authorizes a motion to reconsider by any party affected by a previous order. However, the present statute has no force or effect on 1976 litigation.

Therefore, respondent's motion for reconsideration, if that is what it was, would not meet the requirements of section 473 of the Code of Civil Procedure.

Section 473 of the Code of Civil Procedure also provides, "[t]he Court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, . . ." This does not appear to be the situation in the case at bench. The disputed entry conforms to the notice of decision filed by the court on December 2, 1976.

While it is difficult for a reviewing court to speculate on the intent of the trial court, it appears to this court that the lower court misapplied section 437c of the Code of Civil Procedure in the instant case. As Witkin states: "New C.C.P. 437c, par. 9, is taken from former C.C.P. 437c, par. 4, with the additions indicated: [¶] *'Except where a separate judgment may properly be awarded in the action,* no *final* judgment shall be entered *on a motion for summary judgment* prior to the termination of such action, but the *final* judgment in such action shall, in addition to any matters determined in such action, award judgment as established by the summary* proceeding herein provided for.' [¶]  ■  The new statute thus allows entry of a partial summary judgment before the remaining issues are tried. (See 5 Pacific L.J. 291.)" (4 Witkin, Cal. Procedure (2d ed. 1979 supp.) Proceedings Without Trial, § 196, p. 53.) Therefore, the existence of an unresolved cross-complaint filed by appellants against respondent would not preclude the trial court granting a partial summary judgment which was appealable.

■  Trial courts can modify or amend judgments only as prescribed by statute, and modification of judgments to correct errors of law is not authorized by section 473. (*Bowman* v. *Bowman* (1947) 29 Cal.2d 808, 814 [178 P.2d 751, 170 A.L.R. 246].) "While a court has power to correct mistakes in its records and proceedings, and to set aside judgments and orders inadvertently made, which are not actually the result of the exercise of judgment, it has no power, having once made its judgment after regular submission, to set aside or amend for judicial error." (*Stevens* v. *Superior Court* (1936) 7 Cal.2d 110, 112 [59 P.2d 988]; see also, *Epley* v. *Califro* (1958) 49 Cal.2d 849, 854-855 [323 P.2d 91]; *Yamanishi* v. *Bleily & Collishaw, Inc.* (1972) 29 Cal.App.3d 457, 463 [105 Cal.Rptr. 580].)

In light of the foregoing, we can only conclude that the trial court lacked jurisdiction to grant a motion for a new trial on February 25, 1977. Similarly, the court lacked statutory authority to modify its judgment at that time. Consequently, the February 25, 1977, order must be considered null and void, and the previous entry of judgment in favor of appellants and against respondent reinstated.

The order of February 25, 1977, granting respondent's motion for a new trial is hereby vacated and the entry of judgment on December 17, 1976, reinstated.

Kane, Acting P. J., and Rouse, J., concurred.

A petition for a rehearing was denied July 6, 1979, and the opinion and judgment were modified to read as printed above.