[Civ. No. 56443. Second Dist., Div. Three. Dec. 27, 1979.]

JAMES TALCOTT, INC., Plaintiff and Respondent, v.
MARVIN SHORT et al., Defendants and Appellants.

[Civ. No. 56829. Second Dist., Div. Three. Dec. 27, 1979.]

M. VARELA, Plaintiff and Respondent, v.
MARVIN SHORT et al., Defendants and Appellants.

506

COUNSEL

Danning, Gill, Michaelson & Gould, David Gould and Richard K. Diamond for Defendants and Appellants.

Buchalter, Nemer, Fields, Chrystie & Younger and Jay R. Ziegler for Plaintiffs and Respondents.

OPINION

COBEY, Acting P. J.—■ ■ ■ ■ These consolidated appeals by defendants, Marvin and Helane Short and Howard and Rosalind Gold, are from partial summary judgments on the first cause of action in the respective complaints of plaintiffs, James Talcott, Inc. and M. Varela, in the total amounts of $104,613.43 and $245,246.03.[1] The appeals lie. (Code Civ. Proc., § 437c.)

---

[1] The first total includes a principal amount of $87,718.99, and awards of interest totaling $12,094.44, and of attorneys' fees in the amount of $4,800. The second judgment contains corresponding amounts of $209,170.47, $31,375.56 and $4,700. The total actually specified in the first judgment of $147,813.43 is arithmetically incorrect.

On motion of the two plaintiffs in the trial court, the first causes of action in the respective complaints were severed from the second, third and fourth causes of action therein and then the two cases were consolidated for all purposes.

A separate summary judgment is expressly authorized by Code of Civil Procedure, section 437c, under appropriate circumstances. Such circumstances exist in this case because the first causes of action in the two complaints relate to indebtedness arising from the written guarantees of certain individual defendants, while the remaining causes of action in both complaints are concerned with alleged fraudulent conveyances of the guarantors' assets, and thus are totally "independent." (Cf. *Schonfeld* v. *City of Vallejo* (1975) 50 Cal.App.3d 401, 418-419 [123 Cal.Rptr. 669].)

Defendants, Short and Gold, contend that the summary judgments under appeal constitute an abuse of discretion because they were unable to resist them without waiving their constitutional privilege against self-incrimination. We reject this contention and intend to affirm these judgments for reasons that follow.

## FACTS

At all times material to this litigation plaintiff Talcott was a factor which purchased by assignment accounts receivable of four specified suppliers of Helane of California, Inc. totaling $87,718.99. Similarly plaintiff Varela is the assignee for collection of Chemical Bank, a factor, which purchased the accounts receivable of four specified suppliers of Helane totaling $209,170.47. In October 1976 Helane became insolvent. Some nine months previously the four individual defendants, Short and Gold, executed, for valuable consideration, and delivered to Talcott a written guarantee of all sums due from Helane to Talcott. Similarly, in March 1972, the same four defendants, for valuable consideration, executed and delivered to Chemical a written guarantee of all sums due from Helane to Chemical.

On January 18, 1977, the two plaintiffs filed their separate actions against, among others, these same four defendants. Both cases came to issue the following month. The next month (March 1977) the local federal grand jury apparently began a criminal investigation of the business activities of the aforementioned four defendants and Helane, among others, and caused to be delivered into its custody extensive business records of these individuals and this corporation. These same business records were apparently also relevant to this litigation.

Both plaintiffs herein in April 1977 promptly initiated discovery against defendants Short and Gold by requesting certain admissions of them and by serving upon them an interrogatory. These defendants thereupon moved, pursuant to Code of Civil Procedure section 2019, subdivision (b)(1), for a protective order against essentially all discovery on the ground that such discovery would violate their constitutional privilege against self-incrimination.[2] The protective order was denied. These defendants then objected one-by-one generally to plaintiffs' subsequent specific interrogatories and requests for admissions on the ground that the matter sought fell within their constitutional privilege

---

[2]Their counsel had previously sought unsuccessfully to obtain from plaintiffs' counsel stipulations against plaintiffs proceeding with their discovery.

against self-incrimination and their statutory spousal confidential communication privilege as well. These objections were upheld on July 7, 1977, following a hearing thereon.

Plaintiffs then chose the partial summary judgment route. In November 1977 plaintiff Talcott, and in January 1978 plaintiff Varela, moved for an order specifying certain specific issues to be without substantial controversy. The four Short and Gold defendants resisted these motions on the basis that in order to defeat them at least one of these defendants would have to testify by affidavit or in person about matters which were still within the scope of the federal criminal investigation and that business records needed for such an effort were still in federal custody. Nevertheless the trial court, on December 9, 1977, granted the motion of plaintiff Talcott as to the existence of the aforementioned indebtedness to it. The similar motion of plaintiff Varela was, however, argued and continued twice before being granted only in part on April 27, 1978. Generally, it was then granted as to the existence of the indebtedness, but not as to the execution of the written individual guarantees.

Plaintiffs, on June 28, 1978, moved for partial summary judgments, among other things. In support of this motion they brought out that the four Short and Gold defendants had never requested the federal authorities to grant them access to the aforementioned business records and that such access would have, in all probability, been granted.

In response to the motion the trial court in the *Talcott* action rendered the aforementioned partial summary judgment under appeal on October 26, 1978. The trial court in the *Varela* action, however, rendered an order completing its specification of the issues that were without substantial controversy and that were, therefore, deemed established in favor of plaintiff Varela and against the four aforementioned defendants, among others. But the aforementioned partial summary judgment under appeal in favor of Varela was not granted until January 19, 1979.[3]

## Discussion

■ Defendants Short and Gold contend that the partial summary judgments against them were entered prematurely. They point to the

---

[3]The parties also litigated at the trial court level the question of who should get attorneys' fees. These awards are not before us, as such, on these consolidated appeals.

following provision in the aforementioned summary judgment section—i.e., Code of Civil Procedure section 437c. "If it appears from the affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as may be just." These defendants suggest that in view of the pendency of the federal criminal investigation of their business affairs and those of Helane, the bankrupt debtor, a more appropriate and fairer procedure would have been either to deny plaintiffs' motions for partial summary judgments or to continue the motions and advise these defendants that they would be prevented from offering any evidence personally at trial regarding the matters as to which they had denied plaintiffs discovery on the basis of their constitutional privilege against self-incrimination, unless they waived that privilege a reasonable specified time before trial. This latter procedure is essentially the one that this panel approved in *A & M Records, Inc.* v. *Heilman* (1977) 75 Cal.App.3d 554, 566 [142 Cal.Rptr. 390].

This position assumes, however, that once the constitutional privilege against self-incrimination is asserted by a defendant in civil litigation, the case may be disposed of only through a full-blown trial. We do not think that this juristic consequence should automatically attach in all such cases. True, such a defendant must be accorded a reasonable time to extricate himself from the dilemma he has created by his invocation of the privilege. In the *Talcott* case some 15 months elapsed between the formal invocation of the privilege at the start of plaintiffs' discovery and the rendition of the partial summary judgment against these defendants. In the *Varela* case the corresponding period of time was approximately 18 months.

These time periods would appear to be reasonable, particularly in view of the fact that these defendants did nothing to resolve this dilemma in the prosecution of these cases against them, which they, and they alone, created. As has already been indicated in part, contrary to the conduct of a codefendant to the other counts in the complaints, they did not seek access to the business records that the federal authorities had in custody. In view of the fact that this codefendant did obtain such access on request, there is no reason to believe that a similar request by these defendants would not have likewise been granted.

More importantly, they did not seek to obtain from the federal prosecutor a limited use immunity for any evidence they wished to offer in this litigation in an effort to defeat plaintiffs' motion for partial summary judgments. True, under our law, it would have been entirely up to him whether to grant the request. (See *Daly* v. *Superior Court* (1977) 19 Cal.3d 132, 147-150 [137 Cal.Rptr. 114, 560 P.2d 1193].) But it was incumbent upon them to make this request since the burden of producing evidence in opposition to the motion rested on them and them alone.[4] They should not be permitted to reserve their defensive evidence until trial and thereby preclude their adversaries from obtaining partial summary judgments against them without trial. (Cf. *Engl* v. *Aetna Life Ins. Co.* (2d Cir. 1943) 139 F.2d 469, 473.)

## DISPOSITION

The partial summary judgments under appeal are affirmed.

Allport, J., and Potter, J., concurred.

---

[4]The invocation of the confidential spousal communication privilege presents no corresponding problem. It is purely statutory rather than constitutional in origin. (Evid. Code, § 980) and it may be waived by the spouses. (Evid. Code, § 912, subds. (a), (b).)