[Civ. No. 25093. Fourth Dist., Div. Two. Jan. 16, 1981.]

ARMSTRONG PETROLEUM CORPORATION et al., Petitioners, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; OIL LEASES, Real Party in Interest

COUNSEL

Buchanan & Besser, Margolis, Burrill & Besser, Robert S. Besser and Robert H. Buchanan for Petitioners.

No appearance for Respondent.

Ralph D. Drayton and David M. Garland for Real Party in Interest.

OPINION

**KAUFMAN, Acting P. J.**—Petitioners are a corporation, engaged in the business of drilling oil and gas wells, and two of the corporation's attorneys. The corporation's principal place of business is in Orange County.

Real party in interest is a partnership which owns in whole or in part an oil and gas lease on land located in Yolo County. Real party apparently hired petitioner corporation to perform engineering services in the drilling of an oil and gas well on a portion of the Yolo County land in consideration of an interest in the lease. A dispute arose between petitioner corporation and real party in interest concerning the extent of the interest in the lease, if any, acquired by the corporation for its services. Real party instituted an action in Yolo County; petitioner corporation filed a cross-complaint in the action asserting an ownership interest in the leasehold with respect to sections 4, 5 and 8; venue in the action was changed to Orange County and, after trial, it was determined that the corporation was entitled to a one-eighth working interest in the lease with respect to section 4 only.

Real party then instituted against petitioners in Yolo County the lawsuit underlying this writ proceeding. The complaint was in two counts. The first sought damages against petitioners for malicious prosecution based on petitioner corporation's filing the cross-complaint in the prior action. The second count sought damages for slander of real party's title to the oil and gas lease based upon a combination of the corporation's assertion of its claim to an interest in respect to sections 5 and 8 in addition to 4 in its cross-complaint and extrajudicial statements by petitioners asserting the same claim.

Without answering or demurring, petitioners moved to change venue to Orange County both on the ground of convenience of witnesses and the ground that the malicious prosecution action was transitory. The motion was granted on the latter ground. Insofar as the motion was grounded upon convenience of witnesses, it was deemed premature because of the absence of any responsive pleading.

After the case was transferred to Orange County, demurrers on the part of petitioners were sustained. Ultimately, real party filed a second amended complaint consisting of the same two counts originally pled. Petitioners generally demurred to the count for malicious prosecution, and their demurrer was sustained on the basis that real party in interest was not the prevailing party in the earlier lawsuit and that, therefore, the element of favorable termination was lacking.

The court thereafter entered a judgment of dismissal of the first count of real party's second amended complaint. In addition, the court on its own motion ordered the first count "severed" from the second count, purportedly pursuant to Code of Civil Procedure section 1048, for the express purpose of permitting real party to appeal immediately from the judgment dismissing the first count. Real party has filed a notice of appeal from the judgment of dismissal, and the appeal, having been partially if not fully briefed, is now pending in this court (4 Civ. 23842.)

More or less contemporaneously with the filing of its notice of appeal, real party filed in the trial court a motion for a change of venue back to Yolo County on the grounds that (1) since the first count had been dismissed, the action was now a "local" action, consisting only of the second count for damages for slander of real party's title to the oil and gas lease; and (2) the convenience of witnesses would be promoted by a change of venue. The motion was granted as follows: "Motion for change of venue to Yolo County granted on ground of main relief and denied without prejudice on grounds of convenience of witnesses."

■ Petitioners filed in this court a petition for a writ in the nature of mandate or prohibition contending that the trial court exceeded its authority in severing the two counts of the second amended complaint in an attempt to permit real party to appeal what was otherwise a nonappealable judgment and, in addition, incorrectly granted real party's motion to retransfer the case to Yolo County. (See Code Civ. Proc.,

§ 400.) We issued an alternative writ, and upon consideration of the merits, it is our conclusion that the peremptory writ should issue.

The order of the trial court purporting to "sever" the dismissed first count from the second so that real party could seek immediate appellate review of the trial court's ruling on the demurrer was no doubt made with the thought in mind that the appeal could be determined prior to trial on the second count so that if there were a reversal of the judgment as to the first count, both counts could be tried together, thereby conserving judicial and litigant resources.[1] Nevertheless, the order was in excess of the court's authority.

Code of Civil Procedure section 1048, subdivision (b), provides in pertinent part: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a *separate trial* of any cause of action, . . ." (Italics added.) The authority given the court is to sever causes of action for separate trial. The trial court having sustained petitioners' demurrer to the first count and having dismissed it, no trial of that count of the second amended complaint was in prospect. The trial, to the extent there was to be one, had been had as to that count—the trial of a question of law. Thus there was no occasion for any severance pursuant to the statute.

Real party's reliance on the decision in *Schonfeld v. City of Vallejo* (1975) 50 Cal.App.3d 401 [123 Cal.Rptr. 669], as authority for the proposition that a trial court may "sever" causes of action so that an order dismissing one cause of action may be appealed notwithstanding that other causes of action remain to be tried is misplaced. No such question was presented in *Schonfeld*, and the court did not so hold.

It is true that one factor considered by the *Schonfeld* court in determining that the judgment before it was appealable was that the causes of action dismissed by the judgment had been severed by the trial court from a remaining cause of action. However, the severance of the causes of action by the trial court in that case was not for the purpose of making the judgment appealable but for the purpose of having separate trials because "it raises issues separate and independent from those of the first two causes of action." (50 Cal.App.3d at p. 418.) In other

---

[1]At oral argument, counsel for real party acknowledged that that was what the court had in mind.

words, at the time it was made, the order for separate trial in the *Schonfeld* case was appropriate and authorized by the statute.

Moreover, as we read the *Schonfeld* decision, its ratio decidendi was that "the circumstances here presented are so unusual that postponement of the appeal until the final judgment on Schonfeld's fourth cause of action would cause so serious a hardship and inconvenience as to require [the court] to augment the number of existing exceptions [to the single judgment rule]." (50 Cal.App.3d at p. 418.)

In any event, as the *Schonfeld* court specifically recognized, the Supreme Court has expressly held that "'[t]here cannot be a separate judgment as to one count in a complaint containing several counts [between the same parties]. On the contrary, there can be but one judgment in an action no matter how many counts the complaint contains. [Citations.]'" (50 Cal.App.3d at p. 417, citing *Bank of America v. Superior Court* (1942) 20 Cal.2d 697, 701 [128 P.2d 357].) The *Schonfeld* court also expressly recognized that "even though a cause of action is severed and tried separately, pursuant to Code of Civil Procedure section 1048, a separate judgment is not necessarily the result. [Citations.]" (50 Cal.App.3d at p. 417, citing *National Electric Supply Co. v. Mount Diablo Unified School Dist.* (1960) 187 Cal.App.2d 418, 422 [9 Cal.Rptr. 864].) The judgments that are appealable are specified by statute. (See Code Civ. Proc., § 904.1.) Code of Civil Procedure section 1048 provides no authority for a trial court to enlarge the class of appealable judgments by ordering a "severance."

Inasmuch as we have concluded that the "severance" order was in excess of the court's authority, it follows that the order changing venue back to Yolo County was also improvident. However, even had the "severance" order been authorized, the order for change of venue was not.

In the first place, the order for change of venue defeated the very purpose of the "severance" order. The purpose of the "severance" was to permit an immediate test on appeal of the order sustaining the demurrer to the malicious prosecution count so that if the order were reversed, the counts might be tried together. The change of venue order insured that in the event of reversal, there would be two trials: one in Yolo County on the count for slander of title and one in Orange County on the count for malicious prosecution.

Secondly, except possibly for a change on the ground of convenience of witnesses, the proper court for trial of the action underlying this writ proceeding was determined when petitioners made their motion for change of venue in the Yolo County Superior Court. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, §§ 425, 502, pp. 1257, 1325, and cases there cited.) ■ Proper venue is not made improper by a subsequent amendment to the complaint. (*Id.*)

■ Finally, the order changing venue back to Yolo County not only violated the single judgment rule by making possible separate appeals from the judicial determinations on the two counts of the second amended complaint, but also insured that the two appeals would be taken in separate appellate districts. There is no authority for thus splitting a case in two.

Real party's assertion that should it result that the two counts were to be tried in different counties, the action would be subject to coordination runs afoul of its earlier assertion that the two counts raise separate and distinct issues. Coordination is available only with respect to actions involving common issues of law or fact. (See Code Civ. Proc., § 404.) In any event, there is simply no authority for first splitting a case in two for purposes of appeal and then reunifying it by coordination if it turns out that the two halves are to be tried in different counties. The argument is inventive but unpersuasive.

Let a peremptory writ of mandate issue to the Orange County Superior Court commanding it to vacate its orders severing counts one and two of the second amended complaint and changing venue in the action to Yolo County and to make and enter a new order denying real party's motion for change of venue. Petitioners shall recover their costs on this proceeding.

McDaniel, J., and Morris, J., concurred.