[No. A056439. First Dist., Div. Two. July 24, 1992.]

CHRISTINA JURS PAPADAKIS et al., Plaintiffs and Respondents, v. BRUCE P. ZELIS et al., Defendants and Appellants.

COUNSEL

Bruce P. Zelis and Montie S. Day, in pro. per., for Defendants and Appellants.

Rasch-Chabot, Ram & Amatruda and Michael F. Ram for Plaintiffs and Respondents.

## OPINION

KLINE, P. J.—This is yet another appeal in which Montie Day and Bruce Zelis are engaged in litigation concerning the Papadakis pistachio ranch partnership. (See *Papadakis* v. *Zelis* (1991) 230 Cal.App.3d 1385, 1388-1390 [282 Cal.Rptr. 18] [this court imposed sanctions against appellant Bruce Zelis for the filing of another frivolous appeal in this litigation, in bad faith and for the purpose of delay]; cf. also, *Day* v. *Papadakis* (1991) 231 Cal.App.3d 503 [282 Cal.Rptr. 548] [under the one final judgment rule, another appeal in this litigation, not brought by appellants here, was dismissed as it was interlocutory, despite formal severance in the trial court from remaining untried issues]; *Fluker* v. *Papadakis* (Feb. 5, 1992) No. A055856 [an order dismissing appeal which was filed by sureties of Day and Zelis].)

Respondents, the Papadakises, filed this motion to dismiss the present appeal and for sanctions. Among other things, appellants are purporting to

appeal from nonappealable orders which (1) denied their motion to disqualify the trial judge after he ruled against them, and (2) made certain interlocutory directions and stated across the face of the order in big block letters "INTERLOCUTORY JUDGMENT."

This latest appeal must, in relevant part, be dismissed as it clearly arises from nonfinal, interlocutory orders. Further, the imposition of sanctions on appellants for frivolous and bad faith tactics is again appropriate here. In light of the continued contumacy of appellants despite a prior sanction award in this litigation, such sanctions must be substantial.

## DISCUSSION

 We need not fully recapitulate the very long and sordid story of this litigation, and the manner in which determined lawyers with dubious ethics have unconscionably delayed the imposition of effective remedies for their misdeeds. This is not our first exposure to the tactics of Messrs. Zelis and Day. (See *Papadakis* v. *Zelis, supra,* 230 Cal.App.3d at pp. 1388-1390.)

Recently, these tactics have included the filing of a frivolous federal lawsuit against the trial judge who ruled against them; they also sought to disqualify the trial judge they had filed a lawsuit against. (See *Fluker* v. *Sutter* (N.D.Cal. Nov. 19, 1991) No. C-91-3977-SC, order denying application of Fluker and others, who posted appeal bonds for Day, for temporary restraining order and dismissing action filed Nov. 19, 1991, pp. 3-4.) The federal judge observed that "Were plaintiffs able to present a valid Fourteenth Amendment claim, this court would have more reason to question the California courts' application of California law. Such is not the case. If anything, plaintiffs are victims of their own misguided decision to undertake an appeal from a judgment entered pursuant to stipulated settlement agreement. . . . . [¶] [P]laintiffs themselves cannot present any argument more persuasive than vague Fourteenth Amendment allegations against every state court judge to decide any aspect of this case . . . ." (*Ibid.*)

The motion for disqualification of the trial judge was also denied, by a trial judge from another county; that order is one of the interlocutory orders appellants seek to appeal here. Such an appeal is clearly improper, and dismissal is required. (Code Civ. Proc., § 170.3, subd. (d).) "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate . . . ." (*Ibid.*)

Appellants clearly were aware of the nonappealability of the disqualification order, since they filed a petition for a writ of mandate challenging it

under the statute just cited. We denied the petition. (*Day* v. *Superior Court*, No. A054830, order denying petition for writ of mandate disqualifying trial judge filed Sept. 4, 1991.) In their rambling opposition to the motion to dismiss this appeal, appellants do not even attempt to state any nonfrivolous grounds upon which we could deem the appeal facially tenable. Their latest attempt to appeal a nonappealable order, which we have already ruled upon in the context of their writ petition, highlights the frivolous and bad faith character of this appeal. "Such frivolous appellate conduct justifies the imposition of sanctions . . . ." (*Papadakis* v. *Zelis, supra*, 230 Cal.App.3d at p. 1388.)

Equally egregious is appellants' attempt to appeal the trial court's order, which is accurately entitled "INTERLOCUTORY JUDGMENT." (Papadakis v. Zelis, Super. Ct. Alameda County, 1991, No. 644497-0) This order directs preparation of an accounting of the partnership's assets—thus clearly contemplating further action in the trial court before a final judgment is prepared. It also provides, "This judgment is interlocutory and this [trial] Court retains jurisdiction over all matters at issue herein." No competent attorney could conceivably believe in good faith that this interlocutory order was final and appealable. (See *Day* v. *Papadakis, supra*, 231 Cal.App.3d at p. 507.) ▮ "In civil matters, our appellate jurisdiction is limited to the judgments and orders described in Code of Civil Procedure section 904.1. Only *final* judgments are appealable under that statute [italics added] . . . ." (*Ibid.*, citing 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal §§ 43-44, pp. 66-68; Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 1989) ¶¶ [2.21]-[2.23], pp. 2-8 to 2-9; *Kinoshita* v. *Horio* (1986) 186 Cal.App.3d 959, 966 [231 Cal.Rptr. 241] [orders dissolving partnerships are not appealable final judgments] and *California Dental Assn.* v. *California Dental Hygienists' Assn.* (1990) 222 Cal.App.3d 49, 59 [271 Cal.Rptr. 410] ["informed, compact appellate review is best obtained by awaiting the entire action's coherent resolution in the trial court. . . ."].)

▮ Day and Zelis attempt to persuade us their appeal is not frivolous and should be allowed because the effect of the interlocutory order is to compel the sale of a particular piece of land upon which pistachio trees grow. They argue that a mandated sale of this supposedly unique property will be irrevocable and cannot be compensated in damages. This argument is fanciful. Day and Zelis do not own the particular pistachio grove in question, which is owned by a partnership. Day, Zelis and the other partners simply own portions of the partnership; they do not directly own the land in question and are entitled only to a share of the proceeds of a sale of partnership assets. The dubious contention that the pistachio grove in issue is unique does not, in any event, explain why Zelis and Day also purportedly

appealed the denial of disqualification of the trial judge, which was also clearly a frivolous act. (See *Papadakis* v. *Zelis, supra,* 230 Cal.App.3d at p. 1388.)

The authorities cited above, with which Day and Zelis must be deemed familiar as a result of our prior opinion, show that the interlocutory order was clearly not appealable. We must infer that this frivolous purported appeal was brought in bad faith and for the purpose of delay. (*Papadakis* v. *Zelis, supra,* 230 Cal.App.3d at p. 1388.) Appellants' frivolous conduct appears not to have been restrained by our prior admonition and imposition of almost $10,000 in sanctions. (*Ibid.*)

Consonant with our duty to protect the parties and the court system as a whole from such abusive conduct by resolute attorneys with apparently unlimited resources, we believe significant sanctions must again be imposed in order to deter appellants and others from the frauds they continue to visit upon the court system and their adversaries. (Code Civ. Proc., § 128.5; *In re Marriage of Quinlan* (1989) 209 Cal.App.3d 1417, 1422-1423 [257 Cal.Rptr. 850]; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179]; *Finnie* v. *Town of Tiburon* (1988) 199 Cal.App.3d 1, 17 [244 Cal.Rptr. 581].)

In *Bank of California* v. *Varakin* (1990) 216 Cal.App.3d 1630, 1638-1641 [265 Cal.Rptr. 666], as here, a series of frivolous appeals was taken by an attorney litigant undeterred by prior sanctions. We, therefore, increased the sanctions of slightly more than $12,000, which we would normally have imposed, by an additional $25,000, which was calculated to compensate the taxpayers forced to subsidize the appellant's frivolous conduct and to more effectively deter the continuation of such conduct. (*Ibid.*) A similar increase is called for in the present case.

We would normally assess sanctions of approximately $10,000: $5,000 payable to the opposing parties and $5,000 payable to the court, as in the previous appeal. Since the previous imposition of sanctions in approximately this amount has not had any discernible effect, we will impose sanctions here, jointly and severally against appellants Bruce Zelis and Montie Day, in the total amount of $20,000: $10,000 payable to respondents, and $10,000 payable to the clerk of this court. We impose these sanctions by way of compensation for the costs of dealing with this appeal, and for purposes of specific and general deterrence. (See *Papadakis* v. *Zelis, supra,* 230 Cal.App.3d at p. 1390.)

This opinion constitutes a written statement of the facts requiring the imposition of sanctions in this case. Finally, as required by law, a copy of

this opinion will be forwarded to the State Bar of California. (Bus. & Prof. Code, § 6086.7.)

## DISPOSITION

The appeal from the interlocutory and nonappealable orders is dismissed. Sanctions are imposed, jointly and severally, against appellants Bruce Zelis and Montie Day, of $10,000 payable to respondents and $10,000 payable to the clerk of this court, by way of compensation for the costs of dealing with this appeal, and more importantly for purposes of specific and general deterrence.

Smith, J., and Peterson, J., concurred.