Filed 6/17/16  Marriage of Georgi-Juarez and Juarez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of SANDRA GEORGI-JUAREZ and FERNANDO JUAREZ. | |
| SANDRA GEORGI-JUAREZ, Respondent, v. FERNANDO JUAREZ, Appellant. | G050639 (Super. Ct. No. 13D000049) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge.  Appeal dismissed.

Law Offices of Allan E. Perry and Allan E. Perry for Appellant.

John K. York for Respondent.

\*          \*          \*

## 1.  Introduction

Fernando Juarez (Fernando) appeals from the judgment dissolving his marriage to Sandra Georgi-Juarez (Sandra).  Fernando contends the trial court erred by ruling that a prenuptial agreement between Sandra and him was unenforceable and by awarding her temporary spousal support and attorney fees.  The judgment from which Fernando appeals was based on a stipulation reached as a result of settlement negotiations commenced after the trial court made its ruling.  As part of the settlement, Fernando stipulated that the prenuptial agreement was "void and unenforceable."  Fernando lacks standing to appeal from a stipulated judgment, and he did not file a notice of appeal from the order awarding Sandra temporary spousal support and attorney fees.  We therefore dismiss the appeal.

In a companion case (appeal No. G051351), Fernando challenges the trial court's order awarding Sandra $20,000 for attorney fees and costs incurred in this appeal.  Appeal No. G051351 is the subject of a separate opinion.

## 2.  Facts and Procedural History

Sandra and Fernando were married in September 2006.  A few days before they were married, Sandra and Fernando signed a prenuptial agreement.  Sandra filed a petition for dissolution of marriage in January 2013.

Sandra requested an order for temporary spousal support and attorney fees.  In response, Fernando asserted both he and Sandra waived any right to spousal support in the prenuptial agreement.  By minute order made on July 22, 2013, the trial court ordered that the issue of the validity of the prenuptial agreement be tried separately.  In the same minute order, the court awarded Sandra temporary spousal support of $2,000 per month and attorney fees of $7,500.

2

The issue of the validity of the prenuptial agreement was tried in January 2014. After taking the matter under submission, the trial court ruled by minute order dated January 30 that the prenuptial agreement was unenforceable.

After the court's ruling on the prenuptial agreement, Sandra and Fernando engaged in settlement negotiations that resulted in a stipulated judgment signed by Sandra, Fernando, and their respective attorneys. A provision of the stipulation is "[t]he Prenuptial Agreement executed by the parties on September 22, 2006, is null, void and unenforceable." The stipulated judgment recites it is "a complete settlement of all issues outstanding between the parties" and resolves issues regarding spousal support, division of assets, and responsibility for debts.

After signing the stipulated judgment, Fernando refused to sign the form that would have allowed entry of the judgment and hired new counsel who did not cooperate in causing the judgment to be entered. In July 2014, Fernando's new counsel informed Sandra's counsel by letter that Fernando was unwilling to permit entry of the stipulated judgment unless it was amended by deleting the provision on the prenuptial agreement.

Later in July 2014, Sandra brought a motion to compel entry of judgment pursuant to Code of Civil Procedure section 664.6 (section 664.6). By minute order entered on August 15, 2014, the trial court granted the motion to compel entry of judgment, and the stipulated judgment was entered on the same day. Fernando filed a notice of appeal from the judgment.

### 3. Discussion

A party who stipulates to a judgment lacks standing to appeal from it. (*Kristine H. v. Lisa R.* (2005) 37 Cal.4th 156, 160; *In re Marriage of Hinman* (1992) 6 Cal.App.4th 711, 716; *Papadakis v. Zelis* (1991) 230 Cal.App.3d 1385, 1387; *Philippine Export & Foreign Loan Guarantee Corp. v. Chuidian* (1990) 218 Cal.App.3d 1058.)

3

Fernando and his counsel signed the stipulated judgment. Because Fernando agreed to the stipulated judgment, he cannot appeal from it, and its provision declaring the prenuptial agreement unenforceable is final and binding.

Fernando does not argue the trial court erred by granting Sandra's motion to compel entry of judgment and, therefore, he forfeited any potential claim that the stipulated judgment was unenforceable or not subject to entry as a final judgment under section 664.6. (*Chicago Title Ins. Co. v. AMZ Ins. Services, Inc.* (2010) 188 Cal.App.4th 401, 427-428.) Fernando does not contend his consent to the stipulated judgment was given under circumstances that might have made that judgment or any part of it invalid; he challenges only the trial court's ruling, made by minute order before settlement negotiations commenced, that the prenuptial agreement was unenforceable. The judgment, not the minute order, is controlling, and Fernando stipulated to the terms of the judgment, including the stipulation that the prenuptial agreement was unenforceable.

At oral argument, Fernando's counsel argued that Fernando agreed to the stipulation only to create a judgment by which he could appeal the trial court's finding that the prenuptial agreement was unenforceable. The record shows otherwise. The stipulation was the product of extensive settlement discussions and states it is "a complete settlement of all issues outstanding between the parties." Fernando and his attorney signed the stipulation on May 20, 2014. In a letter dated July 15, 2014, Fernando's new counsel stated, in effect, that Fernando had reneged and would not sign the documents necessary to have the stipulation entered as a judgment unless the provision regarding the prenuptial agreement was deleted. That move prompted Sandra to bring the motion under section 664.6.

Fernando has not challenged the trial court's order granting the motion under section 664.6. He has not argued or cited to evidence to show the court erred by granting the motion. Fernando challenges the trial court's decision that the prenuptial agreement was unenforceable; however, the court's ruling was made by minute order and

4

was never incorporated into a final judgment. The judgment that was entered as the result of Sandra's section 664.6 motion included the stipulation by Fernando and Sandra that the prenuptial agreement was unenforceable.

Fernando argues the trial court erred by awarding Sandra temporary spousal support and attorney fees in July 2013. Pendente lite orders awarding temporary spousal support and attorney fees are directly and immediately appealable. (*In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 637-638; *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1311; *In re Marriage of Weiss* (1996) 42 Cal.App.4th 106, 119.) If an order is appealable, and a timely appeal is not taken, then the order becomes res judicata and binding in the case. (*In re Marriage of Gruen*, *supra*, at p. 638.)

The July 22, 2013 order awarding Sandra temporary spousal support and attorney fees was directly and immediately appealable as a pendente lite order. Fernando did not file a notice of appeal from that order and therefore lost the ability to challenge it.

### 4.  Disposition

The appeal is dismissed. Respondent shall recover her costs on appeal.

FYBEL, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.

5