Filed 5/18/17

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re the Marriage of STEVEN STUPP and ANNEMARIE SCHILDERS. | |
| STEVEN STUPP, Respondent, v. ANNEMARIE SCHILDERS, Appellant. | A144762 (San Mateo County Super. Ct. No. FAM0110799) |

Appellant Annemarie Schilders appeals several orders made by the family court about a year after the entry of a stipulated judgment of dissolution of her marriage to respondent Steven Stupp. Schilders challenges orders giving Stupp temporary sole legal custody of the parties' child, requiring that only the parents transport the child to his therapy appointments, continuing a custody trial, requiring Schilders to undergo a vocational evaluation, and reserving jurisdiction over the allocation of the cost of the evaluation. In the published portion of this opinion, we conclude that the family court abused its discretion in ordering the vocational evaluation when there was no support motion pending, and we will reverse that order. Consequently, we need not reach the issue of allocating the evaluation's cost. We will dismiss the appeal as to the remaining orders because they are not appealable.

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts A and B of the Discussion section.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

In September 2010, Stupp filed a petition for the dissolution of his marriage to Schilders. Ever since, the parties have been involved in contentious legal proceedings.[1] A stipulated judgment of dissolution was entered on March 28, 2014, but custody of the parties' child, who was just a few months old when the original petition was filed, remains subject to temporary orders. Since June 2014, when Schilders appealed from the stipulated judgment (see *Stupp v. Schilders* (Mar. 25, 2016, A142302) [nonpub. opn.]), she has initiated more than a dozen further appeals and submitted several writ petitions.[2]

**DISCUSSION**

A.    *The February 6, 2015 Temporary Custody Orders Are Not Appealable*

   1.    *Additional Factual and Procedural Background*

The March 2014 stipulated judgment of dismissal incorporated a July 2012 temporary custody order under which Stupp and Schilders shared joint legal and physical custody of their child. Except in case of emergency, Stupp had sole authority to schedule the child's medical appointments. The child was to reside with Stupp, and a schedule was established for Schilders to have visits with the child on an increasing basis. By mid-2013, Schilders would be with the child on Tuesdays during the day, and on alternating weekends from Friday morning to Monday morning, with Thursday overnights in the weeks preceding Stupp's weekends. The goal of the schedule was "to move toward a schedule of more equal joint custody in the future."

---

[1] See *Stupp v. Schilders* (Mar. 25, 2016, A142302) [nonpub. opn.]; *Stupp v. Schilders* (Mar. 25, 2016, A143186) [nonpub. opn.]; *Stupp v. Schilders* (Oct. 25, 2016, A146733 and A147151) [nonpub. opn.]; and *Stupp v. Schilders* (Jan. 24, 2017, A148811) [nonpub. opn.].

[2] After Schilders filed her opening brief in this appeal she filed an unopposed request for judicial notice, which we took under submission for determination with the merits and now grant.

2

On November 18, 2014, after providing the required notice, Stupp submitted an ex parte request for an order awarding him temporary sole legal custody of the child.[3] The request was supported by declarations from Stupp and his attorney, and by a declaration from an attorney for the San Carlos School District who described difficulties in scheduling meetings about the child's Individualized Education Plan (IEP). On November 24, the family court filed an order granting Stupp temporary sole legal custody of the child, and scheduling a hearing for December 23, 2014.[4] In advance of the December 23 hearing, Schilders filed a responsive declaration objecting to Stupp's request and requesting an evidentiary hearing, and also filed a declaration from one of her friends in support of her objections.

At the December 23, 2014 hearing, the family court agreed to set an evidentiary hearing, and pronounced "a temporary order granting sole legal custody" to Stupp, with the condition that Stupp enroll the child in the San Carlos School District within the next two to four weeks. The court explained that the purpose of the order was "so that [Stupp] can arrange to get the minor child enrolled in school, deal with the IEP process and continue to deal with Dr. Weiss as to therapy for the minor child." The family court also stated that "[t]he amount of difficulty and the obstruction of virtually every request of [Stupp] that is in the best interest of the minor child by [Schilders] has been outrageous frankly and that's the basis for this court's ruling." The court ordered that Stupp or Schilders transport the child to therapy appointments with Dr. Weiss. The evidentiary hearing, for which Schilders requested six days, was set for April 6, 2015, in consultation with the parties. A written version of the court's orders was filed on February 6, 2015.

---

[3] At that time, the July 2012 temporary custody order was in effect, although Stupp and Schilders had sought to modify the order at different times.

[4] Schilders separately appealed the family court's November 24, 2014 order granting Stupp temporary legal custody. We dismissed the appeal of that order. (See *Stupp v. Schilders* (May 16, 2017, A144007) [nonpub. opn.].)

2. *Analysis*

Schilders argues that the family court erred in awarding Stupp temporary sole legal custody and in ordering that only the parents transport the child to his therapy appointments. She argues that these custody orders are appealable as postjudgment orders pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2). After she filed her opening brief, Stupp filed a motion to dismiss the appeal as to those orders, arguing that because they are interlocutory, temporary orders they are not appealable. We took the motion under submission for determination with the merits, and we now grant it.

As we have stated previously in this matter,[5] Code of Civil Procedure section 904.1, subdivision (a)(2) permits the immediate appeal of postjudgment orders, but "this does not literally mean that *any* order after a previous judgment is appealable. To be appealable, a postjudgment order must meet certain requirements. [Citation.] Some postjudgment orders are not appealable because, 'although following an earlier judgment, [they] are more accurately understood as being preliminary to a later judgment, at which time they will become ripe for appeal. [¶] . . . [¶] . . . [Such postjudgment orders lack] finality in that they [are] also preparatory to later proceedings.' " (*In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 403, citing and quoting *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651-653.) Furthermore, it is well-established that temporary custody orders are not appealable. (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559 (*Lester*).)

Here, the family court stated on the record that it was making temporary orders with respect to custody of the party's child, pending an evidentiary hearing that was scheduled for April 6, 2015. Because these are temporary custody orders preliminary to a later determination of custody, the orders are not appealable.

---

[5] See *Stupp v. Schilders* (Mar. 25, 2016, A143186) [nonpub. opn.]; *Stupp v. Schilders* (Oct. 25, 2016, A146733 and A147151) [nonpub. opn.]; and *Stupp v. Schilders* (Jan. 24, 2017, A148811) [nonpub. opn.].

4

Schilders argues that the orders here are appealable as postjudgment orders modifying custody. We are not persuaded. Relying primarily on *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377-1378, a case in which the Court of Appeal ruled that a postjudgment custody order was appealable, she argues that because the February 6, 2015 order was made after contested hearings on custody, which were held in July 2012 and July 2014, it is an appealable modification of a final judgment. *Enrique M.*, however, is distinguishable, because the orders appealed in that case were not temporary. (*Id.* at p. 1378.) The court in *Enrique M.* distinguished *Lester* as a case "concluding a *temporary* custody order is not appealable." (*Ibid.*) Because the orders here are temporary, they are like the orders in *Lester* and unlike the orders in *Enrique M.*[6]

Schilders argues that "public policy favors appealability of an order for legal custody of a child." She fails to support this argument with any authority, and she fails to acknowledge authority to the contrary: "[I]f the law left any room for doubt whether temporary custody orders are appealable, policy considerations would resolve the doubt. The very nature of such orders compels the swiftest possible review of any challenge. The writ process, not the appeal process, is the way to get that review." (*Lester*, *supra*, 84 Cal.App.4th at p. 565.)

Schilders contends that the orders here are neither temporary nor preliminary, but these contentions lack merit. Schilders contends that the orders are not temporary because they are "not pending anything," and that the orders are "not preliminary to anything. [Stupp] is granted sole custody, and then he just gets to keep it indefinitely. That's as permanent as all child custody orders get." Schilders's contentions are belied by the family court's statement that Stupp was granted sole legal custody of the child on a temporary basis, pending an evidentiary hearing.

---

[6] Schilders also relies on *Montenegro v. Diaz* (2001) 26 Cal.4th 249, 253-254 and *In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1088, fn. 2, in which custody orders entered after hearings are reviewed on appeal. Schilders argues that because the orders she challenges here were entered after contested hearings on custody, the orders are appealable. *Montenegro* and *LaMusga* are inapposite because in neither of them is there any indication that the custody order appealed from was a temporary order.

In her opposition to the motion to dismiss, and also in her reply brief on appeal, Schilders argues that the orders are appealable because they are void. We are not persuaded. Schilders provides no authority to support her contention that an order that is not otherwise appealable becomes appealable because it is claimed to be void. (See *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 200 ["a void judgment or order is appealable *if that judgment or order is otherwise appealable*" (italics added)]; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 93, p. 155 ["[*i*]*f a judgment or order meets the statutory test of appealability* (i.e., final judgment, or order expressly made appealable), an appeal lies even though it is void" (italics added)].)

Schilders claims for the first time in her reply brief that the orders are void because they "were made by a disqualified judge," because they are "based on no substantial evidence and upon denial of [Schilders's] right to a fair and full opportunity to present evidence." We will not consider points raised for the first time in a reply brief absent a showing of good cause for the failure to present them earlier. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 (*Allen*).) Schilders contends that when the record in this appeal was filed it was not known that Judge Susan Greenberg, "who decided the appealed orders . . . was disqualified at the time she held the hearings and made the decisions signed into the orders that are appealed." But contrary to Schilders's contentions, it has not been established that Judge Greenberg was disqualified.[7] Furthermore, Schilders offers no justification for her delay in arguing that the order is void for lack of substantial evidence. Even if we were to consider Schilders's arguments, we would find them unpersuasive in view of Schilders's failure to provide authority that an otherwise nonappealable order becomes appealable because it is void.

---

[7] Schilders's assertion that Judge Greenberg was disqualified does not suffice to establish disqualification. In May 2015, Schilders filed a motion in the family court to vacate all of Judge Greenberg's orders in the case on the grounds that the judge was disqualified. The family court ultimately denied Schilders's motion to vacate Judge Greenberg's orders, and Schilders's appeal of that ruling was later dismissed at her own request.

6

Accordingly, we will dismiss Schilders's appeal of the February 6, 2015 orders granting Stupp sole legal custody and requiring only the parents to transport the child to therapy. As temporary custody orders, preliminary to further proceedings at which custody will be determined, the orders are not appealable even though they are postjudgment orders.

B.  *The April 3, 2015 Order Continuing the Trial Is Not Appealable*

1.  *Additional Factual and Procedural Background*

On January 30, 2015, Stupp submitted a request for orders vacating the April 6, 2015 trial date, which had been set at the December 23, 2014 hearing, and resetting it after the resolution of Schilders's pending appeals of the stipulated judgment and other custody orders. Stupp noted that although the court had ordered a custody evaluation to address issues of legal and physical custody, the court subsequently ordered that the evaluation not take place because of a pending appeal. Stupp argued that since the evaluation had not occurred there was no updated expert report or testimony to present at a trial on the issue of legal custody, and he asked that a hearing on his request be set on shortened time.

The family court scheduled a February 24, 2015 hearing on Stupp's request, and in advance of the hearing, Schilders filed a responsive declaration and memorandum of points and authorities in opposition.

At the beginning of the February 24, 2015 hearing, the family court judge said that she was inclined to vacate the trial date. Schilders's attorney argued against that, and said, "what the court ought to do in my view, Your Honor, is to stay the trial or postpone the date to approximately when the court foresees a decision coming down from the court of appeal." Schilders's attorney pointed out that there were three appeals pending, and she was about to file a fourth. The family court judge agreed with Schilders's attorney: "So it would seem to me that vacating is probably not the right term for the trial. I agree it should be continued to a time after the appeal with regard to the issues of custody and visitation that has been completed."

7

After discussion about the amount of time it might take for the appeals to be resolved, Schilders's attorney said, "I will suggest to the court to set a date that can always be changed." The judge agreed. Stupp's counsel suggested a date in October, Schilders's counsel said she did not know if the appeal would be completed by then, "but we can always have a status conference and change the date." The family court then continued the trial to October 5, 2015. A written version of the court's order was filed on April 3, 2015.

2.      *Analysis*

Schilders argues that the family court erred in continuing the trial that was scheduled for April 6, 2015 while maintaining the temporary order granting sole legal custody of the child to Stupp. She contends that by continuing the trial while maintaining the existing temporary custody order, "the court was making a postjudgment custody order," and that the order is appealable as a postjudgment custody order. Stupp argues that Schilders lacks standing to appeal the order, claiming that she is not aggrieved by the order because she requested a continuance of the hearing and stipulated to the new date, and further argues that the order is not appealable because it is an interlocutory order, preliminary to holding an evidentiary hearing on custody. We agree with Stupp, and therefore we will dismiss the appeal as to this order.

Because she specifically urged the family court to "stay the trial or postpone the date to approximately when the court foresees a decision coming down from the court of appeal," and stipulated to the new trial date of October 5, while stating that the family court "can always have a status conference and change the date," Schilders has no standing to appeal the order continuing the trial. (See Code Civ. Proc. § 902 [aggrieved party has standing to appeal]; *Papadakis v. Zelis* (1991) 230 Cal.App.3d 1385, 1387 [party cannot appeal from judgment to which he stipulated].) Schilders offers no legal authority that holds otherwise. Standing to appeal is a jurisdictional matter (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947), and in the absence of jurisdiction over an appeal we must dismiss.

8

Schilders argues that she did not request a continuance, claiming that the family court was initially inclined to take the trial off calendar, and then suggested waiting for a ruling from the Court of Appeal. In those circumstances, Schilders says, her only options were to have the trial taken off calendar entirely or continued, and in those circumstances, "of course [she] preferred a date on the calendar. This was not a choice, however." We disagree. At the hearing on April 3, Schilders made a tactical choice to abandon the argument that the April 6 trial had to go forward as scheduled, which she had advanced in papers filed with the family court on February 20. She chose instead to ask for a continuance. The family court made an order granting her request, and Schilders cannot now appeal that order.

Schilders's only response to Stupp's argument that the order is temporary and interlocutory lacks merit. Citing no authority, Schilders claims the order "is not temporary in the sense of a definite end, a condition that would cause it to end, or a short duration. The trial is continued five months—after the order for sole legal custody to [Stupp] has already been in place since November 2014. That is not a short duration. Then, on June 11, 2015, the court took the matter entirely off calendar." We can, and do, treat arguments unsupported by legal authority as forfeited. (*Allen*, *supra*, 234 Cal.App.4th at p. 52.) In any event, existing authority undermines Schilders's position: an order granting or denying a continuance is not itself appealable, though it may be reviewed on appeal from a related judgment or order. (See *Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.)

Accordingly, we will dismiss the April 3, 2015 order continuing the trial, because Schilders lacks standing to appeal it, and because the order is in any event a nonappealable interlocutory order.

C.     *The Family Court Erred in Ordering a Vocational Evaluation*

1.     *Additional Factual and Procedural Background*

In a written request for orders, Stupp asked the family court to order Schilders to undergo an immediate vocational evaluation pursuant to Family Code section 4331. Stupp argued that the vocational evaluation was appropriate because Schilders had

9

appealed the support orders incorporated in the stipulated judgment, including provisions imputing income to her.[8] Schilders opposed the request, arguing that there was no legal or factual basis for ordering a vocational evaluation in view of the stay pending appeal of the stipulated judgment.

At the hearing, Schilders's counsel argued that the family court had no power to order a vocational assessment because there was no motion pending regarding spousal support or child support.[9] Schilders's counsel also argued that ordering a vocational evaluation would violate the existing stay arising from Schilders's appeal of the stipulated judgment insofar as the evaluation was relevant to spousal support, because the spousal support terms of the stipulated judgment were being appealed. The family court disagreed: "I don't think ordering a vocational evaluation at this stage is a violation of the stay on appeal. There is a judgment from 2014. The fact that the judgment is on appeal does not prevent this court from going forward with issues that are presently subject to modification, which child support is one. [¶] So I'm going to grant the request for the vocational evaluation." The family court ordered Stupp to advance the cost of the evaluation, subject to reallocation.

2.      *Analysis*

Schilders contends that the family court erred by ordering a vocational evaluation "without a pending support motion, without substantial evidence, and for an improper purpose." Stupp does not argue that a support motion was pending, but instead argues that a pending support motion is not required and that substantial evidence supports a finding that good cause justified the order.

---

[8] The support terms in the stipulated judgment were subsequently upheld on appeal. (*Stupp v. Schilders* (Mar. 25, 2016, A142302) [nonpub. opn.] pp. 28-36.)

[9] At the hearing, Stupp's counsel argued that a vocational evaluation was relevant to contested issues of custody, as well as to support. Stupp does not pursue this point on appeal and we do not address it here.

10

Family Code section 4331, subdivision (a),[10] provides that "[i]n a proceeding for dissolution of marriage . . . the court may order a party to submit to an examination by a vocational training counselor. The examination shall include an assessment of the party's ability to obtain employment based upon the party's age, health, education, marketable skills, employment history, and the current availability of employment opportunities. The focus of this examination shall be on an assessment of the party's ability to obtain employment that would allow the party to maintain herself or himself at the marital standard of living." [11] Section 4331, subdivision (b) provides that such an order "may be made only on motion, for good cause." A party who fails to comply with an order for a vocational examination is "subject to the same consequences provided for failure to comply" with an order for a physical or mental examination pursuant to the Civil Discovery Act. (§ 4331, subd. (c) [referring to "Chapter 15 (commencing with Section 2032.010) of Title 4 of Part 4 of the Code of Civil Procedure"].)

Because section 4331 authorizes the family court to order a vocational examination for good cause, we review the order here for abuse of discretion, just as we review a ruling on a motion to compel discovery for abuse of discretion. (*Pomona Valley Hospital Medical Center v. Superior Court* (2012) 209 Cal.App.4th 687, 693 ["the trial court is vested with wide statutory discretion to manage discovery"].) It is an abuse of discretion when the trial court applies the wrong legal standard. (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733.) Here, the appropriate standard, and therefore the propriety of the discovery order, turn on statutory interpretation, so we determine the issue de novo as a question of law. (*Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123.)

"In interpreting a statute, we begin with its text, as statutory language typically is the best and most reliable indicator of the Legislature's intended purpose. [Citation.] We

---

[10] Further undesignated statutory references are to the Family Code.

[11] The parties have not identified any reported cases interpreting section 4331, and we have found none.

consider the ordinary meaning of the language in question as well as the text of related provisions, terms used in other parts of the statute, and the structure of the statutory scheme." (*Larkin v. Workers' Comp. Appeals Bd.* (2015) 62 Cal.4th 152, 157-158.)

The court's role in construing a statute "is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." (Code Civ. Proc., § 1858.) " ' " 'Words must be construed in context, and statutes must be harmonized, both internally and with each other, to the extent possible.' [Citation.] Interpretations that lead to absurd results or render words surplusage are to be avoided. [Citation.]" [Citation.]' (*People v. Loeun* (1997) 17 Cal.4th 1, 9.)" (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1037.)

The Family Code does not define what "good cause" means for section 4331. But the text of section 4331 tells us that the "focus" of the examination is "an assessment of the party's ability to obtain employment that would allow the party to maintain herself or himself at the marital standard of living." (§ 4331, subd. (a).) And section 4331 is in a chapter of the Family Code entitled "Spousal Support Upon Dissolution or Legal Separation."[12] Taken together, this suggests that there can be good cause for a vocational examination under section 4331 only if the examination is relevant to a determination of spousal support. Put another way, if support is not at issue, there is no need for the inquiry that a vocational examination is intended to address, and no "good cause" to order one. A leading practical treatise apparently takes a similar view, reasoning that absent a definition of good cause, "any showing that the spouse seeking support or the spouse contesting a support award (as the case may be) is capable of working but is unemployed or *underemployed* will suffice" to justify a vocational examination.

---

[12] Section 4331 is codified in Division 9 of the Family Code ("Support"), in Part 3 ("Spousal Support"), Chapter 3 ("Spousal Support Upon Dissolution or Legal Separation").

(Hogoboom et al. Cal. Practice Guide: Family Law (The Rutter Group 2016) ¶ 6:846, p. 6-429.)

Here, there was no pending motion for support and no good cause to order a vocational examination. Stupp requested the order because Schilders "has appealed the support orders, including the imputation [to her] of income." Stupp argued that after an examination, "the expert will report back to the court with an opinion as to what if any is her ability to earn in the outside world and where the opportunity exists for her to earn that." This kind of report may be important when there is a controversy before the family court as to support, but there was no such controversy at the time the order was made. The mere fact that support orders have been appealed does not justify ordering a vocational examination. After all, the support orders may be affirmed on appeal, as they were in this case. (*Stupp v. Schilders* (Mar. 25, 2016, A142302) [nonpub. opn.] pp. 28-32.)

Our interpretation of "good cause" in section 4331 and our conclusion that there was not good cause here are consistent with the general provisions in the Family Code for postjudgment discovery in connection with support. Division 9 of the Family Code, which includes section 4331 in Part 3, also includes a group of statutes that permit limited postjudgment discovery before commencing a proceeding to modify or terminate an order for child, family or spousal support. (§§ 3660-3668.) These sections, codified as "Article 2" are instructive.

The purpose of Article 2 "is to permit inexpensive discovery of facts *before* the commencement of a proceeding for modification or termination of an order for child, family, or spousal support." (§ 3660, italics added.) Section 3662 limits the types of discovery that may be used: "Methods of discovery *other than that described in this article* may only be used if a motion for modification or termination of the support order is pending." (§ 3662, italics added.) Section 3663 further limits the use of discovery: "In the absence of a motion for modification or termination of a support order, a request for discovery pursuant to this article may be undertaken not more frequently than once every 12 months." The remainder of Article 2 describes the types of permitted discovery

13

in the absence of a pending motion to modify or terminate support.  These include a request for a current income and expense declaration (§ 3664) and income tax returns (§ 3665)—but not a request for a vocational examination.  (See generally *In re Marriage of Boblitt* (2014) 223 Cal.App.4th 1004, 1023-1024 (*Boblitt*).)[13]

To summarize, where there was no support-related motion pending there was no good cause to order a postjudgment vocational examination under section 4331.  The family court's order was therefore an abuse of discretion, and we will reverse it.  Because we reverse the order for a vocational evaluation, we need not reach the question whether the family court erred in reserving allocation of the cost of the evaluation.

## DISPOSITION

Schilders's request for judicial notice is granted.  The appeal is dismissed as to the February 6, 2015 orders, and as to the April 3, 2015 order continuing the trial date.  The family court's April 3, 2015 order that Schilders undergo a vocational evaluation is reversed.  The parties shall bear their own costs on appeal.

---

[13] In *Boblitt*, the Court of Appeal considered whether a postjudgment motion for modification or termination of a support order automatically reopens all methods of discovery available under the Civil Discovery Act.  (*Boblitt*, *supra*, 223 Cal.App.4th at p. 1023.)  *Boblitt* answered the question in the negative:  "We do not understand [Article 2] to imply that once a postjudgment motion for modification or termination of a support order *is* pending, discovery in the action automatically reopens . . . .  Rather, we understand the provision to mean simply that when there is no motion pending, the only discovery that may be conducted is a request for an income and expense declaration and, in some instances, a request for pay and benefit information from the other party's employer.  In other words, if after judgment a party simply wants to explore the possibility of moving to modify support, the only discovery that is available is that provided for in [Article 2]."  (*Id.* at pp. 1023-1024.)

14

 

                        _____

                        Miller, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.

A144762, *Stupp v. Schilders*

15

Trial Court:  Superior Court of San Mateo County

Trial Judge:  Hon. Susan Greenberg

Attorney for Appellant                 Ester Adut


Attorney for Respondent          Perry, Johnson, Anderson, Miller &
                                      Moskowitz, LLP
                       Deborah S. Bull

A144762, *Stupp v. Schilders*