Filed 12/29/21  Marriage of Lopez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

In re the Marriage of ARTHUR and CHERYL LOPEZ.

| | |
|---|---|
| ARTHUR LOPEZ,<br><br>    Appellant,<br><br>        v.<br><br>CHERYL LOPEZ,<br><br>    Respondent. | G059648<br><br>(Super. Ct. No. 16D001283)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Daphne Grace Sykes, Judge.  Affirmed.

Arthur Lopez, in pro. per., for Appellant.

No appearance for Respondent.

Appellant Arthur Lopez (appellant) appeals from an order denying his request to grant him custody of his four children. We conclude the trial court did not abuse its discretion in denying his request and affirm.

## FACTUAL AND PROCEDURAL HISTORY

This is the sixth separate opinion of this court generated in this case.

The background facts are set forth in our earlier nonpublished opinion and are not repeated here.

As a result of a domestic violence incident in 2015 that gave rise to criminal charges against appellant and a criminal protective order against appellant, appellant's former wife had sole custody of their four children. (*In re Marriage of Lopez* (February 26, 2018, G054262) [nonpub. opn.].) By July 2020, appellant had not seen his children in four and a half years, and appellant, appellant's former wife, and their children had stipulated to participate in reunification therapy. Appellant petitioned the court for a change in custody, contending appellant's former wife had refused to participate in reunification therapy.

At the hearing, the court read aloud a letter submitted to the court by the reunification therapist. The letter described therapy meetings with appellant, appellant's wife, and each of their four children. The three older children expressed no interest in repairing their relationship with their father, each recalling "memories of rage with aggressive, physical contact by [appellant]." The youngest child did not remember his father and feared any changes in his family. The therapist did not recommend an order requiring the children to have formal or informal sessions or supervised visitation with appellant, assessing that such an order would "have a deleterious [e]ffect and undermine its purpose." Relying on the therapist's recommendation, the court declined to modify the existing custody arrangement. Appellant timely appealed.

## DISCUSSION

### 1. *Procedural Issues*

Our review of this matter is hampered by serious deficiencies in appellant's brief. California Rules of Court, rule 8.204(a)(1)(B) [1] requires briefs filed in our court to "State each point under a separate heading or subheading summarizing the point and, if possible, by citation to authority." Rule 8.204(a)(1)(C) requires references to the record when discussing facts. Rule 8.204(a)(2)(A) requires the appellant's opening brief to identify the relief sought in the trial court and the judgment or order appealed from. Rule 8.204(a)(2)(B) requires the appellant's opening brief to explain why the order appealed from is appealable. Rule 8.204(a)(2)(C) requires the appellant's opening brief to provide a summary of the significant facts limited to matters in the record. Rule 8.204(b) requires any brief to be "reproduced by any process that produces a clear, black image of letter quality," and controls font, font size, line spacing, and margins, all of which are intended to allow the court to adequately read and comprehend the arguments of the litigants.

Appellant's opening brief fails to comply with any of these rules. Appellant's arguments are set forth under a blanket "Argument" heading and are not organized in any readily ascertainable way. Appellant's brief contains few citations to the record, none of which reflect anything other than his own filings. Appellant's brief fails to identify with any specificity the order from which he has appealed (including omitting any citation to its location in the record), and the relief sought in the trial court. Appellant's brief contains an inadequate statement of appealability, which claims his appeal is taken from a "final judgment," even though this appeal involves a postjudgment order. Appellant's brief contains a "Statement of the Case and Arguments," but this statement largely consists of argument, rather than a summary of facts, and addresses a wide range of grievances in the handling of the case, most of which have little to do with

---

[1] All further references to rules are to the California Rules of Court.

the issues raised by this appeal. Appellant's brief is also handwritten and single-spaced, and as a result some portions of the brief are illegible.

Appellant was specifically warned of similar violations of the Rules of Court in connection with three of his prior appeals in this matter (*In re Marriage of Lopez* (Feb. 26, 2018, G054262) [nonpub. opn.]; *In re Marriage of Lopez* (May 26, 2020, G057278) [nonpub. opn.]; *In re Marriage of Lopez* (Sept. 30, 2020, G057649) [nonpub. opn.]).

While we acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than an experienced appellate attorney's and, whenever possible, will not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing, we are nevertheless required to apply the Rules of Court and substantive rules of appellate review to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

While the deficiencies in appellant's briefing are arguably sufficient to justify a waiver of his claims on appeal, we nevertheless address his claims on the merits.

2. *Substantive Issues*

Appellant argues the trial court erred in denying his request to modify the child custody arrangement because (1) the Fourteenth Amendment to the United States Constitution grants him a fundamental right to control the upbringing of his children; (2) his parental rights have been terminated without a finding by clear and convincing evidence; (3) the court's ruling constitutes sex-based discrimination against appellant as a father, in violation of the equal protection clause and California Family Code section 3010, subdivision (a); (4) the trial court failed to conduct a hearing; (5) the trial court's ruling ignores Family Code section 3020, subdivision (b), which declares California's public policy in favor of frequent and continuing contact by children with both parents

4

after separation or dissolution of marriage; (6) California law prohibits the use of reunification services in custody hearings; and (7) appellant's position was hampered by delays in producing certain reporter's transcripts. These contentions are without merit.

As a preliminary matter, we note that this appeal is moot as to appellant's eldest child, who reached the age of majority before appellant's request for a change to the child custody arrangement was even filed in the trial court. Our discussion of appellant's contentions is therefore limited to analysis of the custody arrangement as applied to the three remaining children.

Appellant's parental rights have not been terminated. Instead, appellant lost custody of his children to his former wife because of his acts of domestic violence. Appellant retains the right, which he has exercised, to petition the court for changes in the custody arrangement: a right he would not have if his parental rights had been terminated. Accordingly, no finding by clear and convincing evidence was required and there is no violation of his fundamental right to control the upbringing of his children.

Appellant offers no evidence of sex-based discrimination against him. Our review of the record also reveals no such evidence. The fact that the trial court ruled against appellant is not evidence of sex-based discrimination.

Appellant's contention that the trial court failed to conduct a hearing is similarly unsupported by evidence. The record includes a reporter's transcript of the hearing on appellant's request for a change to the child custody arrangement, at which (as discussed above) the trial court read the letter from the reunification therapist aloud.

Family Code section 3020, subdivision (b), also does not provide a basis for reversal. Family Code section 3020, subdivision (b), encourages frequent and continuing contact with both parents, but not "when the contact would not be in the best interests of the child." The other subdivisions of section 3020 cut against appellant's arguments. Subdivision (a) declares that "children have the right to be safe and free from abuse, and that the perpetration of child abuse or domestic violence in a household where a child

5

resides is detrimental to the health, safety, and welfare of the child." Subdivision (c) provides that "[w]hen the policies set forth in subdivisions (a) and (b) of this section are in conflict, a court's order regarding physical or legal custody or visitation shall be made in a manner that ensures the health, safety, and welfare of the child and the safety of all family members."

We review child custody determinations like this one for abuse of discretion. (*In re Marriage of C.T. & R.B.* (2019) 33 Cal.App.5th 87, 97.) "'"[W]hen custody continues over a significant period, the child's need for continuity and stability assumes an increasingly important role." [Citation.] This principle avoids an endless round of emotionally and financially draining litigation in the family law courts. [Citation.]'" (*Ibid.*) As described above, the reunification therapist did not recommend ordering the children to have reunification sessions or supervised visitation with appellant. The reunification therapist also opined that such an order would have a deleterious effect on the children. Against this, appellant offers nothing more than his own testimony and opinion. However, appellant had not seen his children in more than four and a half years, and therefore had no basis for opining as to their mental state. On this record, we cannot conclude the trial court abused its discretion.

Appellant's argument regarding California law's prohibition on the use of reunification services in Family Law proceedings is unmeritorious for at least two reasons. First, appellant stipulated to the order for reunification therapy. Having stipulated to entry of the order, he lacks standing to appeal from it. (*Papadakis v. Zelis* (1991) 230 Cal.App.3d 1385, 1387-1388.) Second, even if appellant had not stipulated, the order requiring the parties to attend reunification therapy was entered in 2019, while appellant's notice of appeal in the present case is dated November 18, 2020, and is therefore untimely even if it was intended to apply to the reunification therapy order. (See Cal. Rules of Court, rule 8.104 [requiring filing of notice of appeal, at the latest, 180 days after entry of challenged judgment or order].)

6

Finally, appellant's complaints regarding the reporter's transcripts are also without merit. Appellant included four transcripts in the record of this appeal, three of which were not relevant to the custody change request at issue. The transcripts were included in the record via augmentation of the record requested by appellant four days prior to filing of his opening brief, instead of through the usual process. Appellant sought and received three separate extensions of time to file his opening brief and was afforded a total of 183 days to do so after the clerk's transcript was prepared and filed. Ultimately, appellant bears the burden of providing an adequate record to support his claims of error, including, as necessary, a reporter's transcript. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Appellant provides no explanation for the delays in procuring the transcripts, and no specifics as to any resulting prejudice to his case.

## DISPOSITION

The trial court's order is affirmed. No costs are awarded, as no appearance was made on behalf of any respondent.

ZELON, J.*

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.